IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AUDI ACOSTA,

Plaintiff

v.                                                          CIVIL 12-1755 (JA)

COMMISSIONER OF SOCIAL SECURITY,

Defendant

OPINION AND ORDER

On September 13, 2012, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied his application for a period of disability and Social Security disability insurance benefits. The answer to the complaint was filed on February 13, 2013. (Docket No.10). The case was transferred to me on September 24, 2012, pursuant to the authority of 28 U.S.C. § 636(c). (Docket No. 7).

After evaluating the evidence of record, administrative law judge Glenn G. Meyers entered the following findings on November 24, 2010:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.
2. The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of November 20, 2008 through his date last insured of December 31, 2008 (20 CFR § 404.1571 et seq.).
3. Through the date last insured, December 31, 2008, the claimant had the following severe combination of impairments: status post right distal tibia complex fracture and left radius fracture, status post open reduction internal fixation of the left wrist and right ankle and major depressive disorder. (20 CFR § 404.1520(c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR

CIVIL 12-1755 (JA)                             2

        Part 404, Subpart P, Appendix 1 (20 CFR § 404.1525 and 404.1526).
5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404. 1567(a) except for a right hand dominant person, can use left arm and hand up to 6 hours in an 8-hour workday, from the physical standpoint and can perform simple repetitive tasks, from the mental standpoint.
6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
7. The claimant was born on November 7, 1964 and was 44 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).
8. The claimant has a limited education and is unable to communicate in English (20 CFR 404.1564).
9. Transferability of skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41) and 20 CFR Part 404, Subpart P, Appendix 2).
10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant number in the national economy that the claimant could have performed (20 CFR 404.1569 and 404. 1569(a)).
11. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 20, 2008, the alleged onset date, through December 31, 2008, the date last insured (20 CFR 404.1520(g)).

Tr. at 22-31; Docket No. 22-1.

     The administrative law judge ended the well-known sequential inquiry at step five.  At this level, it has already been determined that the claimant cannot perform any work he or she has performed in the past due to a severe impairment or combination of impairments.  The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work.  If the claimant cannot, a finding of disability will follow.  See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant

CIVIL 12-1755 (JA)                              3

jobs exist in the national economy given the above factors.  See Nguyen v. Chater, 172 F.3d 31, 34-36 (1st Cir. 1999); Lancelotta v. Secretary of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Secretary of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982); Rodriguez-Gonzalez v. Astrue, 854 F. Supp. 2d 176, 180 (D.P.R. 2012); Vega-Valentin v. Astrue, 725 F. Supp. 2d 264, 268 (D.P.R. 2010).

     Plaintiff filed a comprehensive memorandum of law against such final decision on July 10, 2013.  (Docket No.22).  On August 5, 2013, the Commissioner of Social Security moved to remand under Sentence Four of 42 U.S.C. § 405(g). (Docket No. 23).  The Commissioner explained that the administrative law judge would be asked on remand to re-evaluate several factors and obtain supplemental vocational evidence if warranted.  The motion to remand was granted and I entered judgment in favor of plaintiff on August 19, 2013.  (Docket No. 28).

     This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"). (Docket No. 30).  In it, plaintiff moves for an award of attorney's fees in the total amount of $4,502.38 (28.86 hours at a rate of $188.70 per hour). The Commissioner of Social Security has filed no opposition to plaintiff's motion. Plaintiff's motion having been reviewed, the same is GRANTED.

     The EAJA provides in relevant part that "a court shall award to a prevailing party … fees and other expenses … incurred by that party in any civil action … brought by or against the United States … unless the court finds that the position of the United States was substantially justified.…" 28 U.S.C. § 2412(d)(1)(A). See Commissioner, I.N.S. v. Jean, 496 U.S. 154, 155, 110 S.Ct. 2316 (1990);

CIVIL 12-1755 (JA)                              4

Castaneda-Castillo v. Holder, 723 F.3d 48, 57 (1st Cir. 2013); Heredia v. Sec'y of Health & Human Svcs., 783 F. Supp 1550, 1551 n.1 (D.P.R. 1992).  The burden is on the United States to demonstrate that its position was substantially justified in the proceedings at the agency and in the ensuing litigation following agency action or inaction.  See Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001). The Commissioner has failed to meet that burden as demonstrated by its acquiescence to the motion for attorney's fees.  See Trinidad v. Sec'y of Health & Human Svcs., 935 F.2d 13, (1st Cir. 1991); Santiago-Aybar v. Commissioner of Social Security, 545 F. Supp. 2d 231, 236-37  (D.P.R. 2008); cf. Alonso-Velez v. Commissioner of Social Security, 796 F. Supp.2d 300,304-05 (D.P.R. 2011).  And plaintiff is clearly a prevailing party under 42 U.S.C. § 405(g). See Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S. Ct. 2625 (1993).

     I similarly find, after reviewing plaintiff's itemized statement, that plaintiff's computation of the actual time expended (23.86 hours) and the rate charged per hour ($188.70) are reasonable.  Counsel has conducted a very active practice of law for almost forty years, almost all of it dedicated to Social Security cases. He filed a comprehensive 31-page memorandum of law, with attachments,  relying on what I consider a comparably voluminous, complex record which had challenging medical documents in terms of their legibility. See e.g. Ramos-Morales v. Commissioner of Social Security, 2013 WL 1909615 (D.P.R. May 8, 2013); Bermontiz-Hernandez v. Commissioner of Social Security, 2013 WL 1788550 (D.P.R. Apr. 26, 2013); Valentin-Negron v. Commissioner of Social Security, 2012 WL 5948341 (D.P.R. Nov. 28, 2012).  The maximum compensable rate per hour allowed by the Equal Access to Justice Act in 1996 was $125.00.  Cf. Rivera-Quintana v. Commissioner of Social Security., 692 F. Supp. 2d 223, 227-28

CIVIL 12-1755 (JA)                                    5

(D.P.R. 2010).  Cost of living increases justify the rate proposed by plaintiff. <u>See</u> 28 U.S.C. § 2412(d)(2)(A)(ii); Nieves Montijo v. Commissioner of Social Security, 2011 WL 903970 (D.P.R. March 10, 2011).  Therefore, I award reasonable attorney's fees in the amount of $4,502.38 at the District Court level.

    SO ORDERED.

    At San Juan, Puerto Rico, this 9th day of October, 2013.


                                          S/ JUSTO ARENAS
                              United States Magistrate Judge